NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EILEEN FAST, | No. 17-35010 |
| Plaintiff-Appellant, | D.C. No. 6:16-cv-00060-MC |
| v. | |
| ANGELS MANAGEMENT, INC., DBA Gold Beach Resort, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Submitted May 18, 2018[**]
Portland, Oregon

Before: McKEOWN and PAEZ, Circuit Judges, and LASNIK,[***] District Judge.

Eileen Fast appeals the district court's grant of summary judgment in favor

of Angels Management, Inc. in this diversity action alleging negligence under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Oregon law.  Fast tripped and fell over a wheel stop in a parking lot at the Gold Beach Resort in Western Oregon, injuring her shoulder and enduring significant pain.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

On de novo review, *see Reynaga v. Roseburg Forest Products*, 847 F.3d 678, 685 (9th Cir. 2017), the district court did not err in granting summary judgment to Angels Management and finding that the challenged wheel stop was not an "unreasonably dangerous condition" on the premises.  *See Maas v. Willer*, 203 Or. App. 124, 133–34 (2005) ("A condition is not unreasonably dangerous if the hazard arising from it would be known and understood by reasonable persons expected to encounter the condition." (internal quotation marks and citation omitted)).  Nor did the court err in finding that the stop did not create an "unreasonable risk of harm" giving rise to a duty to warn.  *See, e.g.*, *Ault v. Del Var Properties, LLC*, 281 Or. App. 840, 849–50 (2016); *Andrews v. R.W. Hays Co.*, 166 Or. App. 494, 505 (2000).

The wheel stop was painted bright white, contrasting with the black asphalt of the parking lot.  It rose a few inches from the ground, and was positioned where the ordinary person would expect it to be—at the head of a parking space.  The stop was in a straight row of several such wheel stops.  It was located a few feet from a row of columns holding up the resort convention center roof, and several more feet from the actual convention center doors.  Fast tripped over the stop in

2

broad daylight. The area, including the stop, was dry and in normal condition. The stop was not an unreasonably dangerous condition, nor did it present an unreasonable risk of harm that might give rise to liability. *See Glorioso v. Ness*, 191 Or. App. 637, 645 (2004) ("A step located in a place where steps normally may be found . . . with no deceptive lighting, not covered with slippery substances, and with no established history of causing injury, does not pose an unreasonable risk of harm.").

We adopt the detailed and well-reasoned analysis in the district court's order entered December 16, 2016.

**AFFIRMED.**